## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cyclone Cattle, LLC, | ) | Case No.  18-00858-als11 |
| | ) | |
| | ) | **UNITED STATES TRUSTEE'S OBJECTION** |
| Debtor. | ) | **TO DEBTOR'S APPLICATION TO EMPLOY** |
| | ) | **GENERAL REORGANIZATION COUNSEL** |

The Acting United States Trustee, through the undersigned Trial Attorney, raises the following objection to Debtor's application to employ Jeffrey D. Goetz and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") as its General Reorganization Counsel.  In support of his objection the Acting United States Trustee ("UST") states as follows:

1. The UST objects to Debtor's application to employ the Firm, and specifically Mr. Goetz as lead counsel, based upon an actual conflict that exists between the Debtor and affiliated cases, Keast Enterprises, Inc. (18-00856) and Hatswell Farms, Inc. (18-00859) (collectively "Affiliated Estates"), as Mr. Goetz is also seeking employment as general reorganization counsel in each estate.  Simultaneous representation of the Affiliated Estates renders counsel a disinterested party who represents interests adverse to the Debtor estate.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[1]

3. The UST has standing to be heard pursuant to 11 U.S.C. § 307.

4. Debtor's application seeks to employ Mr. Goetz and the Firm pursuant to 11 U.S.C. § 327(a).

5. As applicable here 11 U.S.C. § 327 provides:

---

[1] This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-6 (3d Cir. 1994)(the UST has "public interest standing" under 11 U.S.C. Section 307, which goes beyond mere pecuniary interest); *Morgenstern v Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990)(describing the UST as a "watchdog").

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

6. The term "disinterested person" pursuant to 11 U.S.C. § 101(14) provides:

(A) is not a creditor ….

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason;

7. Section 327(a) imposes two requirements on a debtor who seeks to employ a professional of the estate: (1) that the professional does not hold or represent an interest adverse to the estate, and (2) that the professional is disinterested. *In re BH & P, Inc.*, 949 F.2d 1300, 1314 (3d. Cir. 1991). The burden of proof is on the applicant to establish these two requirements. *In re Huntco Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002).

8. "The term adverse interest is not defined under the Code and whether an adverse interest exists in any particular matter is determined on a case by case basis." *In re Enron Corp.*, No. 01–16034, 2002 WL 32034346, at *8 (Bankr. S.D.N.Y. May 23, 2002), *aff'd*, 2003 WL 223455 (S.D.N.Y. Feb. 3, 2003). Courts have held that to "hold an interest adverse to the estate" means: "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *In re Roberts*, 46 B.R. 815, 827 (Bankr. D.Utah 1985), aff'd in relevant part and rev'd and remanded in part on other grounds, 75 B.R. 402 (D.Utah 1987); *See also Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356, 1362 (8th Cir.1987)

(citing Roberts with approval); *In re Tri–State Ethanol Company*, LLC, 2007 WL 1174182 (Bankr. S.D. 2007) (same). To "represent an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest. *In re M & M Marketing, L.L.C.*, 426 B.R. 796 (8th Cir BAP 2010).

9. Pursuant to section 327(c), an actual conflict of interest is defined as an active competition between two interests, in which one interest can only be served at the expense of the other. *In re American Energy Trading, Inc.*, 291 B.R. 154 (Bankr. W.D. Mo. 2003); see also *In re Premier Farms L.C.,* 305 B.R. 717, 720 (Bankr. N.D. Iowa 2003) (finding the exception from disqualification under section 327(c) does not apply if an actual conflict exists).

10. An actual conflict exists between the Affiliated Entities. The UST notes the following inter-estate claims apparent upon examination of the respective schedules:

- Keast Enterprises Inc. lists a general unsecured claim of Hatswell Farms, Inc. in the amount of $944,907.59;
- Keast Enterprises Inc. lists a general unsecured claim of Cyclone Cattle, LLC in the amount of $2,583,373.64, its largest unsecured creditor;
- Hatswell Farms, Inc. lists a general unsecured claim of Cyclone Cattle, LLC in the amount of $903,100.03, its largest unsecured creditor;
- Hatswell Farms, Inc. lists a secured claim of Larsen Ag in the amount of $210,000 and described as an "ag supply lien" for "Keast debtor for 2017 seed";
- The Affiliated Estates are all co-debtor's of primary secured creditor Midstates Bank N.A., each listing the claim in the amount of $7,260,004.88. Neither the schedules nor motion for cash collateral detail the nature of debtors' liability on the underlying notes and security agreements. Midstates holds a lien against substantially of the estates' assets.

11. Even if the Affiliated Estates decline to pursue claims against one another, those claims may be pursued by, and also belong to, the creditor body. As such, the Affiliated Estates may not unilaterally waive any claims that are available to their respective estates. *In re Lee*, 94 B.R. 172, 178 (Bankr. C.D.

3

Cal. 1989).

12. The same Declaration of Russell A. Keast was filed in support of "First Day Motions" in each Affiliated Estate. Mr. Keast signed the Petition, Schedules and Statements on behalf of each debtor. According to those documents Mr. Keast is the President of Keast Enterprises, Inc. and Hatswell Farms, Inc., and Managing Member of Cyclone Cattle, LLC. Based on Mr. Keast's Declaration, the Affiliated Estates operate as separate enterprises with little synergy between them. He states:

> "Moving forward, we intend to downsize our operation further with the listing and sale of Cyclone Cattle, LLC and its equipment. Discontinuing our farming operation and renting the farm ground will allow the farm equipment to be sold. Our goal is to focus our management effort on the equipment sales business, Keast Sales."

The apparent lack of any parallel interests, and namely the intended sale of Debtor Cyclone Cattle, LLC and other equipment, raises serious concern over how inter-estate claims and co-debtor liabilities will be addressed at different intervals of these cases.

13. The inter-estate claims are not listed on the corresponding Schedule's A/B as an asset of or claim to be pursued by the estate. As stated by Mr. Keast, the focus is to ultimately operate only the farming equipment sales business. A lawyer retained by an entity owes allegiance to that entity, and not its shareholders or partners. *In re WPMK, Inc.*, 42 B.R. 157, 162 (Bankr. D. Haw. 1984). Positions taken by the debtor in possession should be in the best interests of the estate and not based on the personal desires of the people related to the entity. *In re Angelika Films 57th Inc.*, 227 B.R. 29 (Bankr. S.D.N.Y. 1998)(interests of principal placed before entity).

14. Because an actual conflict exists between the estates, simultaneous representation would result in counsel advocating for clients whose interests are adverse to one another. Counsel cannot meet the disinterestedness standard under such an arrangement.

15. First, counsel has not met his burden to establish that he is both disinterested or that a conflict of

interest does not arise as a result of the proposed representation. Rule 2014(a) "facilitates enforcement of section 327(a) by requiring that professionals seeking to represent the trustee in a bankruptcy proceeding submit a verification that fully and broadly discloses 'the person's connections with the debtor, creditors, [or] any other party in interest,' among others." Fed. R. Bankr. 2014(a). Rule 2014(a) requires the professional application fully disclose all actual or potential conflicts that may affect counsel's representation of a debtor in possession. The duty to disclose allows the court and other interested parties to examine whether a conflict exists and ultimately whether counsel is eligible for employment. *In re Cleveland Trinidad Paving Co.,* 218 B.R. 385, 387-88 (Bankr. N.D. Ohio 1998). The pending professional application in each Affiliated Estate fails to adequately disclose that the appointment of reorganization counsel may result in a conflict of interest and the lack of adequate representation of the interest of the respective bodies of creditors. *In re Lee,* 94 B.R. 172, 178 (Bankr. C.D. Cal. 1998).

16. Where a bankruptcy debtor is a creditor of a related debtor, it is presumptively improper for the same attorney to be general counsel for related debtors. *In re Interwest Bus. Equip.,* 23 F.3d 311, 316 (10th Cir. 1994)(requiring separate counsel for related estates that were also creditor / debtors with one another). Giving particular scrutiny to insider transactions, the Tenth Circuit Court of Appeals in *Interwest* concluded "It would be an impossible task for applicants to undertake … multiple representation [of related debtors in possession] and make decision for one of these debtors which would not be at the expense of another." *Id.* at 318. "What may be acceptable in a commercial setting, where all of the entities are solvent and creditors are being paid, is not acceptable when those entities are insolvent and there are concerns about intercompany transfers and the preference of one entity and its creditors at … the expenses of another." *In re Envirodyne Indus., Inc.,* 150 B.R. 1008, 1018 (Bankr. N.D. Ill. 1993).

17. The court in *In re Git-N-Go* also found counsel to be disqualified pursuant to 327(a) based on the proposed counsel's representation of the debtor and its parent company. 321 B.R. 54 (Bankr. N.D. Okla. 2004). Factually similar to this case, the debtor in *Git-N-Go* and its parent had existing intermingling of debts, were co-debtor's or guarantors of debts to other third party creditors, and the parent company was the largest unsecured creditor of the debtor. *Id.* Immediate conflict issues addressed by the court at the outset of the case included counsel's inability to:

- effectively object on behalf of the estate to the validity or priority of the parent company's claim;
- recharacterize the claim as a contribution of capital rather than a loan or seek to subordinate the claim; and,
- determine which leases to reject or assume as the parent company guaranteed payment of some, but not all of the leases.

*Id.* at 60. The Court further rejected any exception under section 327(c) finding that the parent company was not only a creditor of the debtor but was also a co-debtor on certain debt and whose relationship "permeates almost every aspect of this case." *Id.* at 61.

18. The case of *In re Coal River Res., Inc.*, 321 B.R. 184, 189 (W.D. Va. 2005) is directly on point with this case. In *Coal River*, one law firm sought to be employed as reorganization counsel for four debtors owned by a single individual. *Id.* at 186. On appeal, the district court affirmed the bankruptcy court's disqualification of counsel under section 327(a) after a fact-intensive analysis. *Id.* at 188-189. Because the schedules evidence multiple intercompany indebtedness, the district court concluded the evidence "support[ed] the bankruptcy court's finding that a single attorney could not represent the interest of each debtor, and in particular the fiduciary obligation of each debtor to its own creditors," and found there to be an actual conflict of interest. *Id.* see similar holding in *In re JMK Constr. Group, Ltd.*, 441 B.R. 222, 234 (Bankr. S.D.N.Y. 2010)(rejecting debtor's argument to disregard the conflict in the interest of judicial economy and comparisons to many large multi-debtor reorganization cases in other

districts). In addition to the intermingling of debts that disqualified counsel in *Coal River,* the Affiliated Estates are co-debtors of the primary secured creditor.

19. In these cases, counsel is faced with an irreconcilable conflict as the Affiliated Estates hold claims against each other, and the pursuit of those claims would be at the expense of the other. Counsel could not continue to serve each estate free of conflict in the certain circumstance that would require advocating for the interests of one estate against the other, thereby dividing complete allegiance to one client. By virtue of his relationship with Debtor, counsel could not provide objective and independent advice related to the inter-estate claims.

20. Section 327(a) is founded on the "congressional intention to hold professionals performing duties for the state to strict fiduciary standards." *In re Envirodyne Indus., Inc.,* 150 B.R. at 1016. To act in the best interest of the estate, counsel must be free from competing interests. *Id.* at 1018; see also *In re El San Juan Hotel Corp.,* 239 B.R. 635, 646 (1st Cir. BAP 1999)(A fiduciary of the estate must explore all sources of recovery available to the estate and avoid any interest adverse to the estate that would render such search impossible.

21. Section 327(a) prohibits counsel from representing a debtor in a chapter 11 case if the attorney has or represents an *actual* conflicting interest. "The adverse interest and disinterested person limitations set forth in § 327 governing the employment of professionals cannot be excused by waiver." *In re American Energy Trading, Inc.,* 291 B.R. 154, 158 (Bankr. W.D. Mo. 2003)(citing *In re Envirodyne Indus., Inc.,* 150 B.R. at 1018 (finding the prohibition is absolute, and is not subject to wavier or consent). Thus, even if informed consent is garnered from the Affiliated Estates, the limitations of 327(a) and inherent duties of counsel would prevent joint representation of all estates where an irreconcilable conflict is present.

22. For these reasons, the UST would submit that under the circumstances of the proposed

engagement, the Court should find counsel disqualified to jointly represent the Affiliated Estates with competing, adverse interests.

Wherefore, the United States Trustee objects to the Debtor's application to employ Mr. Goetz and the Firm.

**James L Snyder**
Acting United States Trustee
Region 12

By:/s/ L. Ashley Zubal
**L. Ashley Zubal**
ID # IS9998256
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (515) 323-2269 / Fax: 284-4986
Ashley.Zubal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent to the parties below on April 26, 2018.

Parties receiving electronic service:

- Jeffrey D Goetz    bankruptcyefile@bradshawlaw.com, goetz.jeffrey@bradshawlaw.com;carpe.pamela@bradshawlaw.com;warner.barbara@bradshawlaw.com
- Marcus F Gross    mgross@sdsllaw.com
- Stephanie L Hinz    SHinz@pbalawfirm.com, dmyhre@pbalawfirm.com;joliphant@pbalawfirm.com
- Miranda L Hughes    hughes@brownwinick.com, tingle@brownwinick.com
- Alexander M Johnson    ajohnson@brownwinick.com, foshe@brownwinick.com;jones@brownwinick.com
- Krystal R Mikkilineni    mikkilineni.krystal@bradshawlaw.com, warner.barbara@bradshawlaw.com;carpe.pamela@bradshawlaw.com;bankruptcyefile@bradshawlaw.com
- Richard C Schenck    rschenck@sdsllaw.com
- United States Trustee    USTPRegion12.DM.ECF@usdoj.gov

Parties receiving hand or mailed service:

Cyclone Cattle, LLC
45565 Aspen Road
Henderson, IA 51541

By: /s/ Shelly W. Fellner
**Shelly W. Fellner**
Legal Clerk
United States Trustee's Office